NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| RAPHAEL VIVEROS, )<br>)<br>Petitioner, )<br>)<br>V. )<br>)<br>D. L. STINE, Warden, )<br>)<br>Respondent. )<br>) | Civil Action No. 6: 06-96-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*   \*\*   \*\*   \*\*   \*\*

Raphael Viveros, an individual currently incarcerated in the United States Penitentiary-McCreary in Pine Knot, Kentucky, has filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. After being denied permission to proceed *in forma pauperis*, he has paid the $5.00 district court filing fee. This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

For the reasons discussed below, Viveros' petition will be denied.

JUDICIAL NOTICE

The Court takes judicial notice that this is the second *pro se* §2241 petition that Raphael Viveros has submitted to this Court. In his first petition (*Viveros v. Nally*, 6: 04-523-DCR), the Petitioner sought review of the drug conviction and sentence handed down in the United States

District Court for the Middle District of Florida, *via* the "savings clause" of 28 U.S.C. §2255. Viveros claimed that his conviction and sentence should be vacated on the ground that they were obtained in violation of his rights under: (1) *Blakely v. Washington*, 124 S.Ct. 2531 (2004); (2) the U.S. Constitution (specifically the 1st, 4th, 5th, 6th, 8th and 14th Amendments); and (3) Article 36 of the Vienna Convention.

After screening, this Court denied the petition and dismissed the action, *sua sponte*. The Court concluded that the Petitioner had not met the requisites for application of the savings clause because he had failed to establish that his remedy was inadequate or ineffective to test the legality of his detention. [Record No. 4] Therefore, this Court could not examine the merits of any of his claims under its §2241 jurisdiction.

## CLAIMS AND ALLEGATIONS

The Petitioner again challenges his sentence on the grounds that: (1) it was imposed in violation of his Fifth Amendment due process rights; and (2) his counsel gave ineffective assistance before the trial and appellate courts. The following is a summary or construction of the allegations contained in Viveros's typewritten petition.

In the first four pages, Viveros recites the language of the Memorandum Opinion and Order of March 9, 2005, which dismissed the previous habeas proceeding. The discussion contains the requisites for a claim concerning a conviction or sentence to proceed under a distant court's §2241 jurisdiction, pursuant to the savings clause of §2255. Further discussion relates to how Viveros's previous §2241 petition fell short of demonstrating those requirements. Viveros ends this portion of the current petition as follows:

> [T]his Petitioner would respectfully ask this Honorable Court to evaluate whether the instant Petitioner meets this prerequisite conditions as the Petitioner will demonstrate unto this Court and use §2241 to weigh his challenges to his sentence on the merits, i.e. (1) whether he has been barred from filing a §2255 motion to raise an innonence [sic] claim; and (2) whether the Petitioner makes a claim of actual innocence based upon an intervening Supreme Court decision that narrowly defines a term of the statute under which he was convicted.

[Record No. 1 at 3-4]

The Petitioner outlines the allegations relating to his involvement in the drug conspiracy for which he was indicted and his version of the November 17, 1999, hearing in which he pled guilty to one count of conspiracy to possess with intent to distribute methamphetamine (*United States v. Viveros*, No. 8:99-CR-307-T-24B, Middle District of Florida). On March 9, 2000, he was sentenced to the 120 month's sentence he is currently serving.

The Petitioner states that his direct appeal was withdrawn by appellate counsel. He lists four collateral attacks on the conviction and/or sentence which were unsuccessful. Three of these proceedings were held pursuant to §2255 before the trial court with the earlier §2241 action being filed in this Court. He urges that the Court vacate his sentence on the ground that his plea was not knowing and voluntary, as he thought he was pleading to only one day of participation in the conspiracy as opposed to the entire seven month period alleged in the indictment.

The Petitioner also claims that he was denied procedural due process in the manner in which the Court established his base offense level. Further, he asserts that he was improperly sentenced as harshly as his co-defendants, rather than as a minor player. Finally, he expresses dissatisfaction with his counsel from the Public Defenders Office before the trial court and his privately-retained attorney for the aborted appeal.

DISCUSSION

The Petitioner has admitted that he knows that §2255 motion to the trial court relates to a conviction and sentence, whereas a petition for writ of habeas corpus brought pursuant to 28 U.S.C. §2241 is to be filed in the district where a petitioner is incarcerated and may only challenge the execution of sentence, such as sentence credits.

Further, he correctly cites *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), and *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), to which this Court referred in his previous action as to the requisites of the "savings clause" of §2255, so that §2241 jurisdiction can be used to decide §2255 claims. Title 28 of the United States Code, §2255, conditions such use on the petitioner's establishing that "the remedy by [§2255] motion is inadequate or ineffective to test the legality of his detention." The Sixth Circuit has cautioned that it is only under highly exceptional circumstances that a federal prisoner may challenge his conviction and imposition of sentence under §2241. To do so, the Petitioner must establish that his remedy under §2255 is inadequate or ineffective to test the legality of his detention. *See Charles,* 180 F.3d at 755-56. Further, it is the prisoner's burden to prove that his remedy under §2255 is inadequate or ineffective. *Id.* at 756.

The *Charles* Court concluded that courts have permitted prisoners to submit claims of actual innocence that would otherwise be barred under §2255. *Id.* at 756-57. Because Charles failed to submit a facially valid claim of actual innocence, the appellate court withheld judgment concerning whether a claim of actual innocence would permit a petitioner to have a second opportunity for §2255 relief. *Id.* at 757.

Having reviewed the file of this proceeding, the Court concludes that Viveros has not satisfied his burden. The "actual innocence" exception goes to innocence of the substantive offense, not "innocence" of a lesser degree of participation. *See United States v. Peterman*, 249 F.3d 458, 460-61 (6th Cir. 2001). Viveros does not cite to an intervening change in the law which shows that he may be actually innocent of his substantive crimes. Unlike other prisoners who have obtained review of their claims because they did not have a prior opportunity to present their claims on appeal or in a prior §2255 motion to vacate, Viveros has had several opportunities to challenge his conviction and sentence. Thus this Court must dismiss Viveros's §2241 petition because his asserted claims do not constitute actual innocence. *Id.*

Petitioner Viveros's remedy under §2255 is not rendered deficient for any other reason. As explained in *Charles*, the remedy under §2255 is not rendered inadequate or ineffective simply because the prisoner has been denied relief under §2255, because the prisoner may be denied permission to file a second or successive motion to vacate or because the prisoner has allowed the one-year statute of limitations to expire. 180 F.3d at 756-58. The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255. *Id.* at 758.

In short, Viveros has again failed to demonstrate the requisites for use of the savings clause to reach the claims he attempts to assert in this action. Therefore, his petition will be dismissed.

## CONCLUSION

It is hereby **ORDERED** as follows:

(1)     Petitioner Viveros's petition for writ of habeas corpus is **DENIED**.

(2)     This action is **DISMISSED**, *sua sponte,* from the docket of the Court.  Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 27th day of March, 2006.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge